HON. STANLEY A BASTIAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| VICTOR JAMES KAECH,<br><br>                      Plaintiff,<br><br>   v.<br><br>OCWEN LOAN SERVICING, LLC; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE UNDER MORTGAGE POOLING AND SERVICING AGREEMENT DATED AS OF AUGUST 1, 2007 MASTR ASSETBACKED SECURITIES TRUST 2007 HE-2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HE2; FIDELITY NATIONAL TITLE INSURANCE COMPANY; and DOE DEFENDANTS 1 through 20;<br><br>                      Defendants. | Case No. 2:14-cv-00330<br><br>PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION TO ENJOIN THE NONJUDICIAL FORECLOSURE SALE<br><br>**HEARING DATE: 10/22/14 @ 11:30 A.M.** |

COMES NOW, Plaintiff Victor James Kaech hereby moves this Court for a Preliminary Injunction in order to prevent the loss of his home to foreclosure.

**FACTUAL ALLEGATIONS**

Mr. Kaech is a resident of Wenatchee he built the house himself in 2001. He obtained a mortgage on the Residence from Decision One on or about May 21, 2007. In connection with that loan, he signed a Promissory Note which was payable to Decision One. He also signed a

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION- 1
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

Deed of Trust which listed Decision One as the Lender and Defendant MERS as the purported "beneficiary". However, Plaintiff maintains that none of the Defendants has the ability to alter the definitions provided for in the Deed of Trust Act by calling an entity such as Defendant MERS the "beneficiary" when, in fact, Defendant MERS is never the "beneficiary" of any rights under the Deed of Trust. Defendant MERS is not entitled to receive any of the monies from Mr. Kaech and is nothing more than a company that operates a computer system which keeps track of the supposed ownership of mortgage loans that are sold to securitized trusts. *See,* Declaration of Victor Keach in support of the Motion for Temporary Restraining Order, which is on file with the Court (hereinafter "Kaech Dec.").

Mr. Kaech owns and operated a construction company and as a result of the problems in the economy beginning in 2008, Mr. Kaech's business fell off significantly and he began to experience very serious financial problems. He struggled to pay his business and personal expenses, but by the end of 2008, he had fallen behind on his mortgage payments and was facing a nonjudicial foreclosure sale. At that time, he was making his payments to Defendant Ocwen, his mortgage servicer, as he never made any payments directly to Decision One after obtaining the loan. He had received communications indicating that Ocwen was his loan servicer. Kaech Dec.

Mr. Kaech began talking to the representatives at the then loan servicer, HomEq, an entity that has since gone out of business, about how to obtain a loan modification in order to save his home. Mr. Kaech retained lawyers to try to help get a loan modification but had no luck. As it neared the auction date, he retained lawyers to try to help him get a loan modification, to no avail. Desperate to save all of the equity in his home, he borrowed money from family and friends to pay the arrears and that stopped the 2008 foreclosure sale. Kaech

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

Dec. But because Mr. Kaech had not been able to increase his actual income due to continued problems with the economy, he fell behind again in 2009. In October 2009, he received another default notice which scheduled an auction date in March 2010. He had some income by that point in the time and was submitting documentation to Defendant Ocwen showing that income. Nevertheless, he was told he was denied a loan modification. Apparently because he was applying for a loan modification, the 2010 foreclosure sale date was discontinued. He did not get definitive answers on his loan modification applications that were documenting his new and improved income. *Id.*

In another effort at prevent the loss of his home and his equity therein, he retained the services of out of state lawyers and paid them several thousand dollars to get him a loan modification in April 2012. While he realizes now that he should have retained the services of a local attorney, he nevertheless provided them with the necessary documentation and worked with them to stop the foreclosure and get a loan modification. Those communications regarding the loan modification were sent to the loan servicer, Defendant Ocwen. Kaech Dec.

It took months and months of submitting documents to Defendant Ocwen in order to obtain a loan modification. During this process, Mr. Kaech was advised that he did not qualify for a HAMP loan modification for unspecified reasons, but was told that he was being reviewed for an "in house" loan modification. In spite of the fact he was being reviewed for a loan modification, another nonjudicial foreclosure sale was started in 2012. *Id.*

The documents that were used in support of the initiation of a new nonjudicial foreclosure in 2012 were the same as those used for the previous attempt at foreclosure. The Notice of Trustee's Sale that was sent out on or about December 18, 2008 was issued by Regional Trustee Services, Inc. ("RTS"), the purported foreclosing trustee. RTS was not the

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION- 3
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

original trustee on the Deed of Trust that Mr. Kaech signed and he does not know how or by whom it was purportedly appointed as the "successor trustee" because it is almost impossible to locate the document in the records of Chelan County, Washington. There is no record available when searching under the Tax Parcel Number. The 2008 NOTS was recorded in the records of Chelan County, Washington on December 18, 2008. A true and correct copy of the first Notice of Trustee's Sale is attached to the Declaration of Melissa A. Huelsman, Exhibit "A", which is on file herein ("1st NOTS").

On or about December 18, 2009, in Sacramento County, California, a Joyce Nelson, Assistant Secretary for Defendant MERS executed an Assignment of Deed of Trust document as "nominee for Decision One Mortgage Company, LLC, its successors and assigns". This Assignment purported to assign the interest in Mr. Kaech's Deed of Trust to Defendant US Bank Trust. However, by December 18, 2009, Decision One has ceased to exist and Mr. Kaech alleges, based upon information and belief, that no one at Decision One or at the U.S. Bank Trust instructed Ms. Nelson to execute the Assignment. Rather, he maintains that Ms. Nelson was an employee of HomEq who merely signed the document in order to give the false impression that she had the authority to do so in order to facilitate the attempt at nonjudicially foreclosing. Huelsman Dec., Exhibit "C".

On or about January 6, 2010, RTS again initiated another Notice of Trustee's Sale starting another nonjudicial foreclosure with a sale date scheduled for April, 9, 2010. This document was recorded in the records of Chelan County, Washington on January 7, 2010. The third attempt at a nonjudicial foreclosure was begun in 2012. On or about June 19, 2012 an employee of RTS signed a new Notice of Trustee's Sale setting an auction date of September 21, 2012 and that document was recorded in the records of Chelan County, Washington on

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION- 4
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

June 20, 2012. This foreclosure sale was discontinued on January 28, 2013 with the recording of a Notice of Discontinuance. Huelsman Dec., Exh. "B" and "D".

Mr. Kaech disputes that he was not qualified for a HAMP modification at this time, but he was finally offered an "in house" loan modification from Defendant Ocwen. The Loan Modification was sent to him at the end of October 2012, and required a payment to be made on or before November 1, 2012. Mr. Kaech was also required to sign and return the Loan Modification Agreement to Defendant Ocwen. He timely returned the agreement and made the required payment. The Loan Modification Agreement indicated that if he complied with its terms by sending in the agreement and making the payment, as of December 1, 2012, the modification would become effective. Those terms included that the principal balance on the loan would become $347,740.47 and that $57,990.47 of the balance would be "deferred". In other words, no interest would be charged on that amount and so long as he made all required payments under the Loan Modification Agreement, the "deferred" amount would be eliminated entirely in three years. The new principal amount of $288,750.00 would accrue interest at 2.0% for the remainder of the loan term. The new monthly payment on the loan was supposed to be $1,729.58, which represented $1,244.17 for principal and interest and $485.41 for escrow. While there was an indication that the escrow amount could change based upon changes to the amounts owed for property taxes and insurance in the future, it was represented as being accurate as of the date of the Loan Modification. Further, there was no indication in the Loan Modification document that there was any arrears on the escrow account and in fact, the arrears on the escrow account were presumably being added to the principal balance on the loan. Kaech Dec.

Within a couple of weeks of accepting the Loan Modification and making the first

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION- 5
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

payment, Mr. Kaech received a letter from Defendant Ocwen asserting that he was delinquent on his payments to Defendant Ocwen and that his new escrow payment was going to be $762.60. This caused the new monthly payment to be $2,119.77. This amount was not affordable for Mr. Kaech. Moreover, the statement from Defendant Ocwen dated November 30, 2012 demanding this increased payment showed calculations regarding the loan balance that was completely inconsistent with the terms of the Loan Modification Agreement that he had just entered into, including an alleged negative escrow balance of $7,128.37 or perhaps, $1,424.17. In addition, late charges, recording fees and "sheriff's fees/commissions" were added to the loan balance. These amounts should have been recorded in the modified loan balance. Kaech Dec.

In essence, even before it was supposed to finalize the permanent loan modification, Defendant Ocwen breached the terms of the contract and asserted that Mr. Kaech owed new amounts that were not disclosed in connection with the loan modification. Mr. Kaech tried to reach someone at Defendant Ocwen to explain what was going on but could not get a conherent response. He wrote letters asking for clear information and an explanation for why his payment had changed in less than 30 days and while he received letters confirming receipt of his letters, he never received any reasonable explanation. Kaech Dec.

Mr. Kaech tried to make the regular payments due under the terms of the Loan Modification Agreement but was not allowed to do so on Defendant Ocwen's online account program. Thus, he was prevented by Defendant Ocwen from continuing to make the payments due under the terms of the Loan Modification Agreement. The lawyers he had representing him also tried to get Defendant Ocwen to clear up the matter and give an explanation for what was happening, to no avail. Since November 2012 Mr. Kaech has been trying to get Defendant

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION- 6
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

Ocwen to simply honor the Loan Modification that it provided to him but has been unable to do so because of the actions of Defendant Ocwen, who at all times, was apparently acting as the agent for Defendant US Bank Trust. Kaech Dec.

On or about July 29, 2013, an employee of Defendant Ocwen named Jami Dorobiala, "Contract Management Coordinator" signed an Appointment of Successor Trustee document on behalf of Defendant Ocwen, who was purportedly acting as "servicer" for Defendant U.S. Bank Trust. The document purported to appoint Defendant Fidelity as the foreclosing trustee. However, Ms. Dorobiala was NOT an employee of Defendant U.S. Bank Trust and so her signature purporting to appoint Defendant Fidelity is invalid. RCW 61.24.010(2) allows ONLY a "beneficiary" (defined as the "noteholder" under RCW 61.245.005(2)) to appoint a successor trustee. Thus, on its face, this document was invalid. Nevertheless, Defendant Fidelity caused this document to be recorded in the records of Chelan County, Washington on August 13, 2013. Huelsman Dec., Exh. "E".

Apparently in reliance upon its purported authority as the "trustee", Defendant Fidelity issued a Notice of Default document to Mr. Kaech on or about October 18, 2013. In that document, Defendant Fidelity demanded payment in order to prevent the foreclosure sale which included amounts for "expenses/fees" of $752.23, which Plaintiff maintains were unearned and inflated; "corporate advances" of $3,071.20, which Plaintiff maintains were unearned and inflated; and inspections in the amount of $121.00. Defendant Fidelity also demanded a "trustee fee" of $700.00 which is absolutely unreasonable and unearned; a trustee's sale guarantee charge of $738.20, which Plaintiff maintains is inflated as Defendant Fidelity did not pay itself this amount; posting of the NOD charges in the amount of $125.00, which is wildly inflated and unreasonable; a charge for recording the "Substitution of Trustee"

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION- 7
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

document in the amount of $18.00 which is improper and inflated; and certified maile fees of $100.00, which is inflated. All of these amounts are unreasonable, inflated and unearned and Mr. Kaech disputes the validity thereof. Kaech Dec., Exh. "3".

In addition, the NOD document did not list a separate address for Defendant U.S. Bank Trust, and only listed the contact information for Defendant Ocwen, the servicer. This is an express violation of the requirements of the DTA. Defendant Fidelity also violated the DTA by including a toll telephone number for California on the NOD as the means of contacting Defendant Fidelity, which is an express violation of the requirements of the DTA as well. There is another California phone number listed as belonging to "Baby Agnes Lombo". A phone number with a (206) area code is also listed, but as was made clear when Mr. Kaech tried to get information about the foreclosure by calling that number on October 1, 2014, he was passed off by a staff person named Dave Lawson (presumably in Seattle) to communicate with people in California. Mr. Lawson advised Mr. Kaech that he did not have any necessary information and that he would have to speak with the California employees. This is not consistent with the requirements of the DTA. So, not only have Defendant Fidelity not been appointed as a trustee under Washington law but it purported to act as the foreclosing trustee, the NOD did not comply with the requirements of the DTA and it tried to charge Plaintiff unreasonable, unearned and inflated charges in order to avoid the sale. *Id.*

Presumably in reliance upon the invalid Appointment of Successor Trustee document, Defendant Fidelity caused to be served upon Mr. Kaech and to be recorded in the records of Chelan County, Washington a Notice of Trustee's Sale setting the date for foreclosure as October 10, 2014 at 10:00 a.m. The document was signed by John Catching, an employee of Defendant Fidelity located in California with a California phone number. There was a (206)

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

area code phone number also listed – the same as on the NOD – at which no one has any information about Mr. Kaech's foreclosure sale. Included with the NOTS document was a Notice of Foreclosure which outlined the fees that Defendant Fidelity was demanding be paid in order to avoid foreclosure. It presumably included the amounts being demanded in the NOD but those amounts had increased and they remain contested by Mr. Kaech. General "expenses/fees" were listed as $300.00 but the certified mail charge is now $6.53. There are inspection and valuation fees of $178.00. The "trustee's fee" is now listed as $900.00, which is wildly inflated, unearned and unreasonable. The posting of the NOD is now listed as $50.00 but certified mail charges listed as $120.00. All of these are unearned, inflated and unreasonable. The trustee sale guarantee fee was similarly inflated and unreasonable. Posting of the Notice of Sale was listed as being $120.00 and the publication costs were identified as $1,000.00. These are unearned, inflated and unreasonable. The purported certified mailing costs for the NOTS is identified as $180.00. That charge is preposterous and unreasonable. Similarly, the charge of $62.00 for recording of the "rescission of NOS" is inflated and unreasonable. Mr. Kaech disputes the validity of all of these charges, as well as the monthly payment calculations included on both the NOD and the NOTS. Kaech Dec.

Mr. Kaech maintains that he has significant equity in his home which may be lost as a result of the pending foreclosure sale. He believes that he qualifies for a loan modification under the HAMP Guidelines and should have been properly reviewed the first time. Further, he maintain that at the very least, the Loan Modification Agreement that he did enter into should be enforced and he should have been allowed to comply with its terms, and earn the principal reduction that was included in the terms of the Agreement. He maintains that he is being precluded from obtaining the benefit of the Loan Modification offered by Defendant

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION- 9
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

Ocwen because it will make more money as the servicer if the foreclosure sale occurs. This is clear from all of the additional amounts that are being added to the loan constantly by all of the Defendants herein. He also maintains, as identified above, that the foreclosure is being improperly conducted as it is not being done by the "beneficiary" as defined under the Deed of Trust Act. RCW 61.24.005(2). Kaech Dec.

Mr. Kaech has suffered financial damages as a result of the actions of the Defendants herein, including the fees he paid for an investigation of his claims, the fees he paid in association with trying to get Ocwen to adhere to the terms of the Loan Modification Agreement that it provided him, the attorneys' fees and costs that he has incurred and will incur in the future in order to get injunctive relief, as well as his costs associated with traveling to meet with a lawyer to investigate his claims and the parking costs associated therewith. He has also suffered harm to his credit for the additional time period that he has been unable to make his mortgage payments and for the initiation of yet another foreclosure sale that is in the public records and on his credit. Kaech Dec.

## II. ISSUES PRESENTED

Under RCW 61.24, *et seq.*, is Mr. Kaech entitled to a temporary restraining order when:

(1) The Defendants have made numerous false representations about the owner of the loan in an attempt to expedite the foreclosure process. These Defendants have repeatedly asserted and created documents falsely asserting that Defendant Ocwen is the "beneficiary" or otherwise has legal authority under the Deed of Trust Act to act as a "beneficiary" when it is not the noteholder. The owner of the loan and the noteholder is Defendant U.S. Bank Trust.

(2) Defendant Fidelity has not been properly appointed as the foreclosing trustee by the holder of the Note and it is demanding amounts in connection with the foreclosure that are
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION- 10
2:14-cv-00330
LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

unearned, inflated and unreasonable. Thus, can a foreclosure proceed when it is being conducted by an entity that does not have the legal authority under the requirements of the DTA to so act?

(3) Plaintiff has been prevented from an opportunity to avoid foreclosure by the misrepresentations of the Defendants, as described more particularly herein. Mr. Kaech maintains that he should have been entitled to the benefits of the Loan Modification that he entered into in November 2012.

### III. EVIDENCE RELIED UPON

This motion is based on the moving papers, Declarations of Victor James Kaech and Melissa A. Huelsman filed in support of the Motion for Temporary Restraining Order, as well as the pleadings and documents on filed herein.

### IV. ARGUMENT

1. <u>The Deed of Trust Act contains provisions allowing for enjoinder of a foreclosure sale under more liberal circumstances than the usual standard for awarding of such injunctive relief</u>.

Mr. Kaech maintains that the Deed of Trust Act contains language which allows for this Court to enter a temporary restraining order and/or preliminary injunction order under less rigorous standards than those outlined in RCW 7.40.020, or those provided for under FRCP 65, which now requires a "probability" of irreparable harm. *Winter v. Ntl. Resources Defense Council,* 555 U.S. 7, 129. S.Ct. 365 (2008). The Deed of Trust Act specifically states that:

> **Nothing contained in this chapter shall prejudice the right of the borrower, grantor, any guarantor, or any person who has an interest in, lien, or claim of lien against the property or some part thereof, to restrain, on any proper legal or equitable ground, a trustee's sale.** The court shall require as a condition of granting the restraining order or injunction that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed:

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION- 11
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

(a) In the case of default in making the periodic payment of principal, interest, and reserves, such sums shall be the periodic payment of principal, interest, and reserves paid to the clerk of the court every thirty days.

(b) In the case of default in making payment of an obligation then fully payable by its terms, such sums shall be the amount of interest accruing monthly on said obligation at the nondefault rate, paid to the clerk of the court every thirty days.

RCW 61.24.130 (emphasis added). This portion of the statute makes clear that the standard for obtaining a temporary restraining order and/or preliminary injunction to stop a foreclosure is lower than the standard that might otherwise be applied to other scenarios. The statute also allows this Court to enjoin the sale based upon any "**proper legal or equitable ground**". RCW 61.24.130 (emphasis added)

2. <u>Mr. Kaech would be entitled to injunctive relief even under the standard for issuance of ordinary temporary restraining orders.</u>

Even if this Court were to consider whether to apply the analysis required under RCW 7.40.020 (since this case is a state law case), Mr. Kaech can meet the burden for obtaining relief in that fashion. Under RCW 7.40.020:

> When it appears by the complaint that the plaintiff is entitled to the relief demanded and the relief…consists in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce great injury to the plaintiff…an injunction may be granted to restrain such act or proceedings until the further order of the court, which may afterwards be dissolved or modified upon motion.

RCW 7.40.020.

The Washington Supreme Court first addressed issuance of a preliminary injunction in *State ex rel. Miller v. Lichtenberg*, 4 Wn. 407, 411 (1892), and later clarified its position in *Blanchard v. Golden Age Brewing Co.,* 188 Wn. 396, 415 (1936). The *Blanchard* Court held that, "[T]he object and purpose [of a preliminary injunction] is to preserve and keep things in

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION- 12
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

*statu quo* until otherwise ordered and to restrain an act which, if done, would be contrary to equity and good conscience." The Court provided further clarification in *Isthmian Steamship Co. v. National Marine Engineers' Beneficial Assoc.*, 41 Wn.2d 106, 117 (1952), holding that the moving party must show a "clear legal or equitable right and a well-grounded fear of immediate invasion of that right." This standard was reaffirmed in *Tyler Pipe Industries, Inc. v. Dept. of Revenue*, 96 Wn.2d 785 (1982) and *Washington Federation of State Emp. v. State*, 99 Wn.2d 878 (1983). Thus, in order to obtain an injunction in most circumstances, plaintiffs must show that: (1) they have a clear legal or equitable right; (2) that they have a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to them. *Kucera v. State, Dept. of Transportation*, 140 Wn.2d 200, 209, 995 P.2d 63 (2000). Such criteria is evaluated by balancing the relative interests of the parties, and if appropriate, the interests of the public. *Id.* Ultimately, the decision to grant a temporary restraining order and/or a preliminary injunction is within the sound discretion of the trial court, with such discretion to be exercised according to the circumstances of each particular case. *Washington Fed'n of State Employees v. State*, 99 Wn.2d 878, 887 (1983) (citations omitted).

Similarly, under the federal rules and case law, *Winter v. Ntl. Resources Defense Council,* Mr. Kaech meets the criteria because he can show irreparable harm if the sale is not enjoined, as he may well waive his right to try to recover title to his home. *See,* RCW 61.24.127.

The Deed of Trust Act was amended in 2009 and the new provisions allow for certain claims to be brought even after a foreclosure sale, but those claims may only be for money damages and it is only those claims based upon fraud or misrepresentation, claims under RCW

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION- 13
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

19, and for improprieties in the foreclosure sale process. RCW 61.24.127. Nevertheless, it is still important that Mr. Kaech have the foreclosure sale stopped so that he can pursue all of his claims and seek enforcement of the terms of the Loan Modification Agreement that he entered into in November 2012. If the foreclosure proceeds, Mr. Kaech believes that he will lose the equity in the Residence, a house he built himself, as well as the place that has been his home for the last 13 years.

A. <u>Mr. Kaech is Likely To Prevail on The Merits of This Case and Thus Has Established a Clear Legal Right to Such Relief.</u>

In order to determine whether a party has a clear legal or equitable right, the Court must analyze the moving party's likelihood of prevailing on the merits. *Washington Fed'n of State Employees*, 99 Wn.2d at 888 (*citing Tyler Pipe Indus. v. Department of Revenue*, 96 Wn.2d 785, 793 (1982)). For the reasons discussed below, Plaintiff is likely to prevail on each of his claims in this action, and thus has established a clear legal right to such relief. But most importantly, it is very obvious that the foreclosure is being done by the loan servicer, Defendant Ocwen, which is NOT by the Note Holder and "beneficiary" under the Deed of Trust Act, Defendant U.S. Bank Trust. Further, Defendant Ocwen is attempting to force a foreclosure in violation of the terms of the Loan Modification Agreement that it provided him in November 2012, and it is attempting to obtain payment of amounts that are not due and owing.

B. <u>Mr. Kaech is likely to prevail on his Consumer Protection Act claims.</u>

A plaintiff who alleges a violation of the Washington Consumer Protection Act must prove five elements: "(1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or their business or property;

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION- 14
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

(5) causation." *Hangman Ridge Training Stables v. Safeco Title Ins. Co*, 105 Wn.2d 778, 780, (1986). The Defendants have committed numerous unfair and deceptive acts and practices, as described in great detail in the Facts portion of this Motion and in the Complaint. Given the complete and utter disregard that the Defendants have shown for complying with the Deed of Trust Act in this case, it is very likely that Mr. Kaech will be able to demonstrate to a trier of fact that this is part of a pattern and practice and very likely to be repeated.

C. Mr. Kaech is Likely to Prevail Upon his Claim Challenging the Amounts being Demanded in Connection with the Non-Judicial Foreclosure Sale.

Defendant Fidelity is required to comply with its duty of adherence to the statute and it has breached that duty to Mr. Kaech by wrongfully attempting to conduct an improper foreclosure sale and for demanding payments of amounts that are unearned, inflated and unreasonable. Defendant Fidelity violated the requirements of the DTA, codified at RCW 61.24, *et al.*, by not complying with that statute in the conduct of the foreclosure sale, as more particularly described above. Mr. Kaech has established that he is likely to prevail on his claims related to the demands for payment given the wildly inflated amounts that have been demanded by Defendant Fidelity, and the fact that it has not even been appointed as a trustee in compliance with the requirements of the DTA, but is demanding payment for "trustee fees". RCW 61.24.090(2).

Mr. Kaech is entitled to receive an order temporarily restraining the completion of the foreclosure sale commenced by the purported foreclosing trustee because the trustee lacks authority to conduct the sale for multiple reasons, is demanding amounts that are not permitted under the statute and because he is required to take this action in order to be certain that he has preserved his claims. Mr. Kaech is likely to prevail upon the merits, as outlined above in the

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION- 15
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

Factual portion of this Motion, which is supported by the evidence presented through the supporting Declaration, and for all of these reasons he should be granted a temporary restraining order.

D. <u>Mr. Kaech likely to prevail on the intentional and negligent misrepresentations claims.</u>

The Defendants made numerous false representations in connection with the foreclosure sale in an attempt to avoid compliance with the requirements of the Deed of Trust Act and in order to speed up the foreclosure of his home, solely for the financial benefit of Defendants Ocwen, U.S. Bank Trust and MERS. Additionally, Defendant Fidelity has made assertions regarding amounts due on the loan which are unearned, inflated and unreasonable. Thus, he is likely to prevail upon these claims at trial given the clear violations of Washington state laws, as more particularly described above.

## VI. CONCLUSION

Based on the foregoing, Mr. Kaech hereby requests that this Court enter an order temporarily restraining Defendant Fidelity from completing the foreclosure of the Residence. He requests that this Court set a hearing for a preliminary injunction. Mr. Kaech understands that he is required to make monthly payments to the Court Registry pursuant to the requirements of the DTA in the amount of the regular mortgage payment owing each month and will do so. However, he is not required to post a bond under the provisions of the DTA. If the Legislature had intended Courts to have to look at other statutes in connection with enjoining a foreclosure sale, it would not have used the language it did in the statute, which makes clear that a sale can be enjoined on any equitable ground. For these reasons, the Court should grant the request for a temporary restraining order and set the matter for hearing on the

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION- 16
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

motion for preliminary injunction.

Dated this Monday, October 20, 2014.

                                 LAW OFFICES OF MELISSA A. HUELSMAN, P.S.

                                 */s/ Melissa A. Huelsman*_____
                                 Melissa A. Huelsman, WSBA #30935
                                 Attorney for Plaintiff

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION- 17
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

# CERTIFICATE OF SERVICE

I, Pamela Hamilton, declare under penalty of perjury as follows:

1. I am over the age of eighteen years, a citizen of the United States, not a party herein, and am competent to testify to the facts set forth in this Declaration.

2. That on the Monday, October 20, 2014, I caused the foregoing document attached to this Certificate of Service plus any supporting documents, declarations and exhibits to be served upon the following individuals via the methods outlined below:

| | |
|---|---|
| Erin M. Stines, WSBA #31501<br>Fidelity National Law Group<br>Attorney for Defendant Fidelity<br>1200 – 6th Avenue, Suite 620<br>Seattle, WA 98101<br>Emails: erin.stines@fnf.com<br>Shbien.cross@fnf.com | ☒ Legal Messenger (next day)<br>☒ Electronic Mail (same day)<br>☐ Federal Express<br>☐ Other: _____ |
| Sakae S. Sakai<br>Robert W. Norman, Jr.<br>Houser & Allison APC<br>Attorneys for Defendant Ocwen, MERS &<br>U.S. BANK, N.A. as Trustee…<br>1601 5th Ave, Ste 850<br>Seattle, WA 98101-3672<br>Email: ssakai@houser-law.com<br>rnorman@houser-law.com | ☒ Legal Messenger (next day)<br>☒ Electronic Mail (same day)<br>☐ Federal Express<br>☐ Other: _____ |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing statement is both true and correct.

Dated Monday, October 20, 2014, at Seattle, Washington.

*/s/ Pamela Hamilton*
Pamela Hamilton, Paralegal

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION- 18
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220