HON. STANLEY A BASTIAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| VICTOR JAMES KAECH,<br><br>       Plaintiff,<br><br>  v.<br><br>OCWEN LOAN SERVICING, LLC; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE UNDER MORTGAGE POOLING AND SERVICING AGREEMENT DATED AS OF AUGUST 1, 2007 MASTR ASSETBACKED SECURITIES TRUST 2007 HE-2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HE2; FIDELITY NATIONAL TITLE INSURANCE COMPANY; and DOE DEFENDANTS 1 through 20;<br><br>       Defendants. | Case No. 2:14-cv-00330<br><br>PLAINTIFF'S REPLY TO DEFENDANT OCWEN'S RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION TO ENJOIN THE NONJUDICIAL FORECLOSURE SALE<br><br>**HEARING DATE: 10/22/14 @ 11:30 A.M.** |

///

///

///

///

///

///

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION- 1
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

COMES NOW, Plaintiff Victor James Kaech to Reply to the Opposition to Motion for Preliminary Injunction filed by Ocwen Loan Servicing, LLC ("Ocwen") and the Joinder filed by Defendant Fidelity National Title Insurance Company ("Fidelity").

## I. FACTUAL ALLEGATIONS

Defendant Ocwen falsely asserts to the Court that Mr. Kaech "admits" that U.S. Bank is the "noteholder". First, Mr. Kaech has no personal knowledge regarding the person or entity who holds his Promissory Note and thus he cannot "admit" anything. He acknowledged that it appears from the documentation that it is likely that Defendant U.S. Bank Trust is the loan owner and noteholder. This is not an "admission". That information is solely within the personal knowledge of the Defendants and notably, even though they are able to provide this Court with a Declaration from the person or entity who does have physical possession of Mr. Kaech's Note, they have not done so. Second, the Appointment of Successor Trustee document that is at issue in this case was NOT signed by an employee of Defendant U.S. Bank. As noted by Mr. Kaech in his Complaint and his Motion, that document was signed by an employee of Defendant Ocwen, in direct contravention of the requirements of the Deed of Trust Act. RCW 61.24.010(2); 61.24.005(2). In fact, the document was signed by Jami Dorobiala, "Contract Management Coordinator" for Ocwen. As noted by Mr. Kaech, RCW 61.24.010(2) allows ONLY a "beneficiary" (defined as the "noteholder" under RCW 61.245.005(2)) to appoint a successor trustee. Thus, on its face, this document was invalid. Nevertheless, Defendant Fidelity caused this document to be recorded in the records of Chelan County, Washington on August 13, 2013 (Huelsman Dec., Exh. "E"), which demonstrates its complicity with the other defendants in conspiring to acquire title to Mr. Kaech's home in direct contravention of its "good faith" obligation to Mr. Kaech. RCW 61.24.010(4). Since

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION- 2
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

Defendant Fidelity was never appointed as the Successor Trustee by the "beneficiary", it cannot proceed with the foreclosure sale. *Id.* Defendant Ocwen asserts to this Court at Page 3 of the Opposition that Fidelity was appointed by U.S. Bank, even though its own employee signed the document – someone who is NOT a "noteholder".

Defendant Fidelity issued a Notice of Default document to Mr. Kaech on or about October 18, 2013, and Mr. Kaech challenges many of the fees added to the alleged deficiency. But that document also demonstrates further Defendant U.S. Bank Trust is the purported loan owner and Defendant Ocwen, the servicer, and thus, that Defendant Fidelity conspired with the other defendants to ignore the fact that it had not been appointed by the "beneficiary" and to prevent Mr. Kaech from having contact information for the loan owner, separate and apart from the loan servicer. Not only did it not have correct contact information for the two entities, as required under the statute (RCW 61.24.030(8)(l)) and consistent with the requirements of *Watson v. Northwest Trustee Services, Inc.,* Case No. 69352-2-I (Wash. Ct. App., Div. I, March 18, 2014).

As Mr. Kaech also pointed out in his Complaint and his Motion for TRO, Defendant Fidelity is also not in compliance with DTA requirements because it does not have a telephone number answerable at its location in Washington. RCW 61.24.__ Instead, the form lists a telephone number with a California area code, in addition to the Washington number. But when Mr. Kaech called, he was passed off to California staff persons. *See,* Kaech Dec. This is consistent with Fidelity's blatant violations of the requirements of the DTA. This is also consistent with Defendant Fidelity's affirmative actions since this case was filed wherein it joined in the opposition to Mr. Kaech's request for a preliminary injunction, in direct contravention of its "good faith" obligation to Mr. Kaech. RCW 61.24.010(4). Instead of

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION- 3
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

standing back and allowing the two parties to whom it holds a dual obligation deal with this particular issue, Defendant Fidelity made clear its bias by joining up with the loan servicer in order to further harm Mr. Kaech and force the foreclosure of his home. *See,* Joinder in the Opposition to Motion for Preliminary Injunction. The motives of Defendant Fidelity and Ocwen are clear – they want to do whatever is possible to try to cause Mr. Kaech harm and to force the loss of his home for their own financial benefit.

Mr. Kaech has significant equity in his home which may be lost as a result of the pending foreclosure sale. He maintains that he is being precluded from obtaining the benefit of the Loan Modification offered by Defendant Ocwen because it will make more money as the servicer if the foreclosure sale occurs, and this is entirely consistent with the position it has taken very early in this case, along with Fidelity.

## II. ARGUMENT

1. <u>Nothing in the Deed of Trust Act allows an 'agent" to execute the Appointment of Successor Trustee document nor to commence a nonjudicial foreclosure.</u>

Defendant Ocwen purposefully misrepresents the requirements of the DTA at RCW 61.24.010(2) and the holding in *Bain v. Metro. Mrtg. Group, Inc.*, 175 Wn.2d 83, 285 P.3d 34 (2012). As the Supreme Court held in *Bain,* "[I]f MERS never "held the promissory note, then it is not a 'lawful' 'beneficiary'". *Bain* at 97. The Supreme Court found that "beneficiary" was defined by the legislature in the DTA to mean the "noteholder", consistent with the definition in RCW 61.24.005(2). *Bain* at 88-89. "Finding that the beneficiary must hold the promissory note (or other 'instrument or document evidencing the obligation secured') is also consistent with the legislative findings to the Foreclosure Fairness Act of 2011". *Bain* at 102.

> If the legislature intended to authorize nonnoteholders to act as beneficiaries, this provision makes little sense. However, if the legislature understood

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION- 4
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

> "beneficiary" to mean "noteholder," then this provision makes considerable sense. The legislature was attempting to create a framework where the stakeholders could negotiate a deal in the face of changing conditions.

*Id.* Then, when considering the argument by MERS that it could act as a "beneficiary" under the DTA, the Supreme Court observed that the DTA does permit an "agent" to act in some of its provisions, including RCW 61.24.031 and a few other places. *Id.* However, those portions of the statute that permit the use of agents for a "beneficiary" does NOT include RCW 61.24.010(2) or 61.24.040. But even in those instances when an agent may act under the DTA, the Court noted:

> Washington law, and the deed of trust act itself, approves of the use of agents. *See, e.g.,* former RCW 61.24.031(1)(a) (2011) ("A trustee, beneficiary, *or authorized agent* may not issue a notice of default TTT until TTTT" (emphasis added)). MERS notes, correctly, that we have held "an agency relationship results from the manifestation of consent by one person that another shall act on his behalf and subject to his control, with a correlative manifestation of consent by the other party to act on his behalf and subject to his control." *Moss v. Vadman,* 77 Wash.2d 396, 402–03, 463 P.2d 159 (1970) (citing *Matsumura v. Eilert,* 74 Wash.2d 362, 444 P.2d 806 (1968)). But *Moss* also observed that **"[w]e have repeatedly held that a prerequisite of an agency is *control* of the agent by the principal**." *Id.* at 402, 463 P.2d 159 (emphasis added) (citing *McCarty v. King County Med. Serv. Corp.,* 26 Wash.2d 660, 175 P.2d 653 (1946)).

*Bain* at 105-107 (emphasis added). Here, the actions complained of are not identified in the DTA as being those that may be performed by "agents", but also, there is no evidence whatsoever that an agency relationship, as defined under Washington law, exists as between Defendants U.S. Bank Trust and Ocwen. This is just as the Court found in *Bain* – that there was no proof of any sort of agency relationship.

> **The legislature has set forth in great detail how nonjudicial foreclosures may proceed. We find no indication the legislature intended to allow the parties to vary these procedures by contract. We will not allow waiver of statutory protections lightly. MERS did not become a beneficiary by contract or under agency principals.**

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION- 5
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

*Bain* at 108 (emphasis added). Finally, when analyzing the Consumer Protection Act elements in relation to MERS' false assertions about having the authority to act under the DTA, the *Bain* Court concluded:

> **Many other courts have found it deceptive to claim authority when no authority existed and to conceal the true party in a transaction.** *Stephens v. Omni Ins. Co.,* 138 Wash.App. 151, 159 P.3d 10 (2007); *Floersheim v. Fed. Trade Comm'n,* 411 F.2d 874, 876–77 (9th Cir.1969). In *Stephens,* an insurance company that had paid under an uninsured motorist policy hired a collections agency to seek reimbursement from the other parties in a covered accident. *Stephens,* 138 Wash.App. at 161, 159 P.3d 10. The collection agency sent out aggressive notices that listed an ''amount due'' and appeared to be collection notices for debt due, though a careful scrutiny would have revealed that they were effectively making subrogation claims. *Id.* at 166–68, 159 P.3d 10. The court found that ''characterizing an unliquidated [tort] claim as an 'amount due' has the capacity to deceive.'' *Id.* at 168, 159 P.3d 10.

*Bain* at 117 (emphasis added). This case involves the same sort of false representations about the identity of the persons with the authority to execute documents under Washington law. The *Bain* decision is not only applicable to MERS. It is a clear statement about interpretation of the DTA requirements and the Defendants in this case have made similar false representations in connection with the attempted nonjudicial foreclosure and they are attempting to mislead the Court at this time about the facts and their role in this foreclosure.

    A.    <u>Mr. Kaech is likely to prevail on his Consumer Protection Act claims.</u>

A plaintiff who alleges a violation of the Washington Consumer Protection Act must prove five elements: "(1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or their business or property; (5) causation." *Hangman Ridge Training Stables v. Safeco Title Ins. Co*, 105 Wn.2d 778, 780, (1986). The Defendants have committed numerous unfair and deceptive acts and practices, as described in great detail in the Facts portion of this Motion and in the Complaint. Given the complete and utter disregard that the Defendants have shown for complying with the Deed of Trust Act in this case, it is very likely that Mr. Kaech will be able to demonstrate to a trier of

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION- 6
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

fact that this is part of a pattern and practice and very likely to be repeated.

In the most recent Supreme Court case interpreting the DTA, *Frias v. Asset Foreclosure,* Case No 89343-3 (Wash. Sup. Ct., September 19, 2014), the Court cited again to *Panag v. Farmers Ins. Co. of Wash.,* 166 Wn.2d 27, 204 P.3d 885 (2009) for support of the bringing of CPA claims in relation to DTA violations. Expanding upon the *Panag* holding, the Supreme Court found that a borrower could suffer an injury based upon "unlawful debt collection practices, even when there is no dispute as to the validity of the underlying debt." *Frias* at 19, citing to *Panag* at 55-56, n. 13 (which is also consistent with *Bain*). It reiterated that consulting with an attorney "to dispel uncertainty" is compensable under the CPA. *Frias* at 20, citing to *Mason v. Mortgage America,* 114 Wn.2d 842, 792 P.2d 142 (1990). Certainly, the other out of pocket expenses incurred by Mr. Kaech would be compensable.

B.  <u>Mr. Kaech is likely to prevail upon his claims against Fidelity in connection with the attempted foreclosure and in challenging the amounts being demanded in connection with the non-judicial foreclosure sale.</u>

Defendant Fidelity is required to comply with its duty of adherence to the statute and it has breached that duty to Mr. Kaech by wrongfully attempting to conduct an improper foreclosure sale and for demanding payments of amounts that are unearned, inflated and unreasonable. Defendant Fidelity violated the requirements of the DTA, codified at RCW 61.24, *et al.*, by not complying with that statute in the conduct of the foreclosure sale, as more particularly described above. Mr. Kaech has established that he is likely to prevail on his claims related to the demands for payment given the wildly inflated amounts that have been demanded by Defendant Fidelity, and the fact that it has not even been appointed as a trustee in compliance with the requirements of the DTA, but is demanding payment for "trustee fees". RCW 61.24.090(2).

Mr. Kaech is entitled to receive an order preliminarily enjoining the completion of the foreclosure sale commenced by the purported foreclosing trustee because the trustee lacks authority to conduct the sale for multiple reasons, is demanding amounts that are not permitted

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION- 7
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

under the statute and because he is required to take this action in order to be certain that he has preserved his claims. Mr. Kaech is likely to prevail upon the merits, as outlined above in the Factual portion of this Motion, which is supported by the evidence presented through the supporting Declaration, and for all of these reasons he should be granted a temporary restraining order.

C. <u>Mr. Kaech likely to prevail on the intentional and negligent misrepresentations claims.</u>

The Defendants made numerous false representations in connection with the foreclosure sale in an attempt to avoid compliance with the requirements of the Deed of Trust Act and in order to speed up the foreclosure of his home, solely for the financial benefit of Defendants Ocwen, U.S. Bank Trust and MERS. Additionally, Defendant Fidelity has made assertions regarding amounts due on the loan which are unearned, inflated and unreasonable. Thus, he is likely to prevail upon these claims at trial given the clear violations of Washington state laws, as more particularly described above.

## VI. CONCLUSION

Based on the foregoing, Mr. Kaech hereby requests that this Court enter an order temporarily restraining Defendant Fidelity from completing the foreclosure of the Residence. He requests that this Court set a hearing for a preliminary injunction. Mr. Kaech understands that he is required to make monthly payments to the Court Registry pursuant to the requirements of the DTA in the amount of the regular mortgage payment owing each month and will do so. However, he is not required to post a bond under the provisions of the DTA. If the Legislature had intended Courts to have to look at other statutes in connection with enjoining a foreclosure sale, it would not have used the language it did in the statute, which makes clear that a sale can be enjoined on any equitable ground. For these reasons, the Court should grant the request for a temporary restraining order and set the matter for hearing on the motion for preliminary injunction.

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION- 8
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

Dated this Monday, October 20, 2014.

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.

*/s/ Melissa A. Huelsman*_____
Melissa A. Huelsman, WSBA #30935
Attorney for Plaintiff

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION- 9
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220

# CERTIFICATE OF SERVICE

I, Pamela Hamilton, declare under penalty of perjury as follows:

1. I am over the age of eighteen years, a citizen of the United States, not a party herein, and am competent to testify to the facts set forth in this Declaration.

2. That on the Monday, October 20, 2014, I caused the foregoing document attached to this Certificate of Service plus any supporting documents, declarations and exhibits to be served upon the following individuals via the methods outlined below:

| | |
|---|---|
| Erin M. Stines, WSBA #31501<br>Fidelity National Law Group<br>Attorney for Defendant Fidelity<br>1200 – 6th Avenue, Suite 620<br>Seattle, WA 98101<br>Emails: erin.stines@fnf.com<br>Shbien.cross@fnf.com | ☒ Legal Messenger (next day)<br>☒ Electronic Mail (same day)<br>☐ Federal Express<br>☐ Other: _____ |
| Sakae S. Sakai<br>Robert W. Norman, Jr.<br>Houser & Allison APC<br>Attorneys for Defendant Ocwen, MERS &<br>U.S. BANK, N.A. as Trustee…<br>1601 5th Ave, Ste 850<br>Seattle, WA 98101-3672<br>Email: ssakai@houser-law.com<br>rnorman@houser-law.com | ☒ Legal Messenger (next day)<br>☒ Electronic Mail (same day)<br>☐ Federal Express<br>☐ Other: _____ |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing statement is both true and correct.

Dated Monday, October 20, 2014, at Seattle, Washington.

*/s/ Pamela Hamilton*
Pamela Hamilton, Paralegal

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION- 10
2:14-cv-00330

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 601
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 673-8220