UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VICTOR JAMES KAECH,<br><br>    Plaintiff,<br><br>    v.<br><br>OCWEN LOAN SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE UNDER MORTGAGE POOLING AND SERVICING AGREEMENT DATED AS OF AUGUST 1, 2007 MASTR ASSET-BACKED SECURITIES TRUST 2007 HE-2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HE2; FIDELITY NATIONAL TITLE INSURANCE COMPANY and DOE DEFENDANTS 1 through 20,<br><br>    Defendants. | NO.  2:14-cv-00330-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

    Before the Court is Plaintiff's Motion for Preliminary Injunction to Enjoin the Nonjudicial Foreclosure Sale. ECF No. 14. This Court issued a temporary restraining order ("TRO") on October 9, 2014 that remains in effect until October

**ORDER GRANTING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION** ~ 1

1  23, 2014. ECF No. 4. The TRO enjoined any of the defendants or their
2  representatives from foreclosing on Plaintiff's property until a hearing for
3  preliminary injunction could be held. A telephonic hearing was held on October
4  22, 2014 at 11:30 a.m.

## BACKGROUND

6      Plaintiff built his home at 1921 Dorner Place in Wenatchee, Washington
7  98801-7351. Plaintiff obtained a mortgage from Decision One in May 2007. By
8  the end of 2008, Plaintiff fell behind on payments to his mortgage servicer, Ocwen
9  Loan Servicing, LLC, ("Ocwen") and was facing nonjudicial foreclosure. Plaintiff
10 attempted but was unable to obtain a loan modification. After borrowing money
11 from family and friends, Plaintiff was able to pay the arrears and prevent a
12 foreclosure in 2008.

13     In 2009, Plaintiff again fell behind on his payments and received a default
14 notice in October, setting March 2010 for a foreclosure sale. Plaintiff applied for a
15 loan modification and was again denied, however, his application resulted in the
16 2010 foreclosure sale being discontinued.

17     In April 2012, Plaintiff hired lawyers to assist him in obtaining a loan
18 modification. Ocwen advised Plaintiff that he did not qualify for the federal
19 government's Home Affordable Modification Program ("HAMP") but was being
20 reviewed for an "in-house" modification. While the loan modification was
21 pending, a new nonjudicial foreclosure sale was set for September 21, 2012—this
22 foreclosure was also discontinued. Plaintiff claims he was sent a loan modification
23 agreement in late October 2012, indicating that his new total monthly payment
24 would be $1,729.58. Plaintiff indicates he returned the signed agreement, along
25 with the required payment by the stated November 1 due date. A few weeks later,
26 Plaintiff allegedly received a notice that he was delinquent on payments and that
27 his monthly payment was increasing to $2,119.77. Plaintiff claims that he tried to
28 make regular payments under the terms of the loan modification agreement but

**ORDER GRANTING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION** ~ 2

was not allowed to do so via Ocwen's online payment system. In July 2013, Ocwen, on behalf of U.S. Bank, signed an Appointment of Successor Trustee document appointing Fidelity as the foreclosing trustee. Plaintiff disputes the validity of the document. Plaintiff was sent a Notice of Default on October 18, 2013 which demanded various fees and expenses be paid in order to prevent foreclosure. Fidelity set the date of October 10, 2014 for the trustee sale. Plaintiff filed his Complaint and Motion for Temporary Restraining Order and/or Preliminary Injunction in Chelan County Superior Court on October 3, 2014. Fidelity removed the case to this Court on October 7, 2014.

## STANDARD

A party seeking a preliminary injunction must show (1) a likeliness to succeed on the merits, (2) a likeliness of irreparable harm absent an injunction, (3) the balance of equities is in its favor, and (4) an injunction is in the public interest. *Earth Island Institute v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (citing *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008)). Alternatively, a preliminary injunction may be granted with a showing of (1) a likeliness of irreparable harm absent an injunction, (2) the existence of serious questions going to the merits of the case, (3) the balance of hardship tilts sharply toward the plaintiff, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

## ANALYSIS

Pursuant to Fed. R. Civ. P. 56(a), the Court has authority to issue a preliminary injunction to remain in effect until the resolution of Plaintiff's pending claims if the four elements from the *Winter* or *Cottrell* test are met. Specifically, Plaintiff seeks a prohibitory injunction which "prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878 (9th Cir. 2009) (internal citation omitted). While a prohibitory injunction is still an

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** ~ 3

"extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" it is not as stringent a standard as for a mandatory injunction. *Winter*, 555 U.S. at 22; *Marlyn Nutraceuticals*, 571 F.3d at 878. Here, Plaintiff satisfies the requirements for a prohibitory preliminary injunction.

First, Plaintiff has shown a likeliness of irreparable harm. Although Plaintiff would retain some remedies at law if his home is subject to a nonjudicial foreclosure sale, these remedies would be inadequate in this case. Real property—particularly one's home—is unique, and monetary damages alone cannot suffice to make the plaintiff whole if he succeeds on the merits of his case. The likeliness of irreparable harm absent a preliminary injunction is exacerbated where, as here, the homeowner built his own home and has lived in it for thirteen years.

Second, Plaintiff has shown—at the very least—that serious questions going to the merits of the case exist. The Court does not purport to forecast the outcome of this case on the merits, however, sufficient questions exist as to the merits to justify a preliminary injunction. Plaintiff alleges that Fidelity lacks standing to foreclose on his home due to defects in assignment and questions regarding who holds the note. Plaintiff also alleges various violations of the Deeds of Trust Act and Consumer Protection Act, particularly regarding various expenses and fees he was charged.

There are also questions of whether Ocwen breached its duty of good faith and if it breached the loan modification agreement from October 2012. The loan modification agreement provided for monthly payments of $1,729.58 that "may adjust periodically." Plaintiff's next billing statement jumped to $2,119.77 due. Defendants suggest the increase in the payment was because of a $214.64 lien by the City of Wenatchee for garbage and sewer services. This, however, does not come close to accounting for the increase in escrow payments, let alone the various fees and surcharges added to Plaintiff's second statement. Neither party

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** ~ 4

has fully established its case, nor were they expected to at this stage of the proceedings, but Plaintiff has raised a sufficient likeliness of success on the merits, or at least the existence of serious questions going to the merits, to warrant issuance of a preliminary injunction to preclude a foreclosure sale of his home.

Third, the equities tip sharply in Plaintiff's favor. At stake is the house in which Plaintiff built himself and has lived in for thirteen years. On the other hand, Defendants' interests are solely monetary in nature. Although there is nothing wrong with the defendants acting to maximize profits, the equities tip sharply in the Plaintiff's favor in this case.

Fourth, the issuance of a preliminary injunction is in the public interest. The Deeds of Trust Act, RCW 61.24 *et seq*, "furthers three goals: (1) that the nonjudicial foreclosure process should be efficient and inexpensive, (2) that the process should result in interested parties having an adequate opportunity to prevent wrongful foreclosure, and (3) that the process should promote stability of land titles." *Albice v. Premier Mortg. Services of Washington, Inc.*, 174 Wn.2d 560, 567 (2012). In this case, the first two of the legislature's stated policies conflict. Allowing the foreclosure sale prior to Plaintiff having his day in court would undoubtedly make the foreclosure process more efficient and inexpensive but would do so at great expense to the homeowner's rights. Additionally, public interest demands this Court reads the Consumer Protection Act as having the purpose of protecting consumers from potentially illegal practices by lenders. Therefore, this Court finds it is in the public interest to prevent the foreclosure process until Plaintiff has an adequate opportunity to present his case.

Accordingly**, IT IS HEREBY ORDERED:**

1.    Plaintiff's Motion for Preliminary Injunction to Enjoin the Nonjudicial Foreclosure sale, ECF No. 14, is **GRANTED.**

2.    The Court enjoins any attempt to foreclose on any real property of the plaintiff, Victor James Kaech, by any of the defendants or their agents, or any

**ORDER GRANTING PLAINTIFF'S MOTION**
**FOR PRELIMINARY INJUNCTION** ~ 5

1. other person having notice of this Order. Specifically, the Court enjoins the sale of the real property located at 1921 Dorner Place, Wenatchee, WA 98801-7351.

3. This Order will be amended after counsel for Plaintiff and Defendant confer and recommend to the Court the amount of a monthly payment due to this Court from the Plaintiff as security, under Federal Rule of Civil Procedure 65(c). Counsel for Defendant Fidelity need not participate in these discussions. Counsel shall alert the Court as to the result of their discussions no later than October 28, 2014.

4. This preliminary injunction will remain in effect until further Order of this Court.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 22nd day of October, 2014.



_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** ~ 6